UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO R. SIMMONS, JR.,

Plaintiff,

-against-

NYS DEPT OF SOCIAL SERVICES; NYS
DEPT OF CHILD SUPPORT SERVICES;
ROCKLAND COUNTY CHILD SUPPORT
SERVICES/DSS; ONADAGA COUNTY
CHILD SUPPORT SERVICES/DSS,

Defendants.

19-CV-3633 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants have violated his rights in collecting child support payments. By order dated April

30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Ricardo Simmons, Jr. states that in 1989, he was "summoned to the Rockland County Court House for what [he] was told [would] be a mand[a]tory paternity hearing." (Compl. at 4.) He was "sequestered in a room and told that [he] had to sign several forms pertaining to the birth of [his] son," referred to here as LQS. One month later, he received the same notice "referring to [his] son" JDS. Then "four years later, [JS] was born." (*Id.*)

Plaintiff contends that these child support cases "were brought . . . under color of lies." He "was never told that child support was volunt[a]ry." He also "was never told that [he] had just signed a letter for a [debt] that [he] never took out with any of the parties listed." (*Id.*)

Plaintiff has "had warrants for [his] arrest issued without due process" (*id.* at 5) and has "been incarcerated several times" (*id.* at 4). He has "had [his] license taken . . . [his] credit destroyed" and therefore "can't drive [or] rent any place to live because [his] credit is ruined because of this action by the Dept of Social Services." (*Id.*)  Plaintiff has "asked for clarity" but has "been stonewalled." (*Id.*)

Plaintiff contends that "DSS and child support agencies have taken monies from me that they were not [e]ntitled to" and "have taken monies from my bank accounts on several occasions." (*Id.* at 5.)  According to Plaintiff's IFP application, his sole income is $855.00 per month in social security disability insurance (SSDI) payments. (IFP Application, ECF No. 1, at 2.) Plaintiff further contends that Defendants "are guilty of collecting money [from] parents w[h]ich is a violation of the Title 4D mandate." (Compl. at 5.)

Plaintiff resides in Bronx County, New York but brings this action against Rockland County Child Support Services/DSS," "Onadaga County Child Support Services/DSS," the New

York State Department of Social Services, and the New York State Department of Child Support

Services. He seeks "the return of all money collected . . ., immediate restoration of all [of his]

licenses & passport and the remova[l] of the disparaging not[es] place on [his] credit report." (*Id.*

at 5.)

## DISCUSSION

### A.    Garnishing Social Security Administration Benefits

As part of the Child Support Enforcement Act of 1975, Congress adopted 42 U.S.C.

§ 659(a), which provides:

> Notwithstanding any other provision of law  . . . moneys (the entitlement to which
> is based upon remuneration for employment) due from, or payable by, the United
> States . . . to any individual . . . shall be subject, in like manner and to the same
> extent as if the United States ... were a private person, . . . to any . . . legal process
> brought[ ] by a State agency administering a program under a State plan approved
> under this part or by an individual obligee, to enforce the legal obligation of the
> individual to provide child support or alimony.

42 U.S.C. § 659(a). In other words, under this provision, payments from the United States that

are considered "remuneration for employment" are subject to legal process to enforce child

support obligations. Section 659(h) lists types of benefits and compensation that are "considered

to be based upon remuneration for employment." 42 U.S.C. § 659(h)(1).

Title XVI  of the Social Security Act (SSA) governs supplemental security income for the

aged, blind, and disabled, and is "a form of public assistance unrelated to the recipient's earnings

or employment." *Sykes v. Bank of Am.*, 723 F.3d 399, 405 (2d Cir. 2013). Supplemental Security

Income (SSI) benefits, which are established under Title XVI and are intended "to assure a

minimum level of income for people who are . . . disabled," 20 C.F.R. § 416.110, are not

included in § 659(h). Moreover, the Second Circuit has joined the majority of courts that have

considered the issue in concluding that "SSI benefits are not attachable pursuant to the child

support exception in § 659(a) because they do not constitute monies received in remuneration for employment." *Sykes* 723 F.3d at 405.

By contrast, monies received "under the insurance system established by [Title] II" of the Social Security Act, which includes federal old-age, survivors, and disability insurance benefits, are considered compensation "based upon remuneration for employment." 42 U.S.C. § 659(h)(1)(A)(ii)(I). According to Plaintiff's IFP Application, he receives monthly benefits from the Social Security Disability Insurance program (SSDI), which is a program under Title II and is thus based upon remuneration for employment. As such, SSDI benefits are not categorically exempt from garnishment. *See, e.g., Cassello v. Cassello*, No. FA104042807S, 2013 WL 3119433, at *2 (Conn. Super. Ct. May 24, 2013) ("[B]enefits received pursuant to 42 U.S.C. §§ 401 *et seq*. are, in fact, subject to garnishment for purposes of child support and alimony").[1]

Plaintiff alleges that "child support agencies have taken monies from me that they were not [e]ntitled to . . . from my bank accounts." (Compl. at 5.) SSDI benefits are not categorically exempt from garnishment for child support obligations, and it is not otherwise apparent from Plaintiff's complaint how garnishing his bank account for money to support his children violates his rights under federal law. Plaintiff's allegations that the child support unit garnished his bank account, without more, thus fail to state a claim on which relief can be granted.

---

[1] *See also DeTienne v. DeTienne*, 815 F. Supp. 394, 396 (D. Kan. 1993) ("[D]isability benefits made pursuant to Title II of the Social Security Act ordinarily would not be subject to garnishment. However, pursuant to 42 U.S.C. § 659(a), those benefits are subject to garnishment for child support and alimony."); *C.D.G. v. N.J.S.*, 469 S.W.3d 413, 422 (Ky. 2015) (noting that this exception to the anti-attachment provision for child support obligations would allow plaintiffs "Social Security [retirement] benefits to be garnished").

**B.      Violations of Title IV-D of the Social Security Act**

Plaintiff contends that Defendants "are guilty of collecting money [from] parents w[h]ich is a violation of the Title 4D mandate." (Compl. at 5.) The U.S. Office of Child Support Enforcement (CSE) administers Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669b. The CSE underwrites states' child support efforts and requires states "to establish a comprehensive system to establish paternity, locate absent parents, and help families obtain support orders." *Blessing v. Freestone*, 520 U.S. 329, 333-34, (1997). The Supreme Court has made clear that "Title IV–D does not give individuals a federal right to force a state agency to substantially comply with Title IV–D." *Id.* at 333. Because there is no private right of action for an individual to bring any claim based on an alleged failure to comply with Title IV-D, the Court dismisses Plaintiff's claim invoking Title IV-D of the Social Security Act.

**C.      Other Claims Arising From Enforcement of Child Support Obligations**

Plaintiff alleges that he has suffered numerous harms relating to child support obligations imposed on him, including the loss of his driver's license and passport, and the posting of derogatory information on his credit report. Plaintiff also alleges that warrants have issued for his arrest and that he has been incarcerated, though it is not entirely clear from the complaint whether this occurred in connection with unpaid child support.

1.      Modifying Child Support Award

New York law provides a procedure for modifying a child support award. Under N.Y. Family Court Act § 451, a parent may petition for modification of an order of support, though "the court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears." Plaintiff does not indicate that he attempted to modify his monthly child support obligations by filing a petition for modification of an order of support in

the Family Court, or that he sought to reduce or annul any arrears by showing good cause for his failure to seek relief before the unpaid arrears accrued.

Federal district courts, however, lack authority to review state court orders. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (district courts are not authorized "to exercise appellate jurisdiction over state-court judgments"). The Court therefore lacks jurisdiction to entertain any request to modify child support orders issued by the state court.

2.      Arrest and Incarceration for Unpaid Child Support

Plaintiff alleges that he has "had warrants for [his] arrest issued without due process." (Compl. at 5.) "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). "[W]hen the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006). In such instances, "the availability of post-deprivation procedures will not, [by that very fact], satisfy due process." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (1996).[2]

---

[2] Where a state employee acting in a random and unauthorized manner deprives a plaintiff of his or her rights, the State cannot predict precisely when the loss will occur and cannot provide a meaningful hearing before the deprivation. In these situations, there generally will be no due process violation if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 220-31 (1986).

Arrest and incarceration are unquestionably deprivations of one's liberty interest. New York has established procedures for providing pre-deprivation process for contempt proceedings based on willful nonpayment, and Plaintiff has not identified any manner in which New York's procedures are constitutionally deficient.[3] *See, e.g., Ngemi v. Cnty. of Nassau*, 87 F. Supp. 3d 413, 418 (E.D.N.Y. 2015) (rejecting due process claim based on arrest for nonpayment of child support, where "the Family Court Act permits a respondent to make an application asking the family court, in its discretion, to modify an order of support based on the respondent's financial hardship" and plaintiff had never notified the Family Court of any financial hardship). Moreover, in New York, a person who is facing a contempt allegation for willful nonpayment of support and is unable to afford counsel has the right to assigned counsel and to an adjournment to consult with counsel. *See* N.Y. Family Ct. Act § 262; *Madison County Support Collection Unit ex rel. Mahady v. Feketa*, 112 A.D.3d 1091 (App. Div., 3rd Dept. 2013).

Moreover, a plaintiff's failure to avail himself of existing procedures cannot provide any basis for a claim that his right to procedural due process was violated. *See, e.g., Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) (holding that "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983."). Plaintiff's allegation that he was arrested or incarcerated, which may or may not have been in connection with unpaid child support, without more, thus fails to state a claim on which relief can be granted.

---

[3] New York law also provides procedures for challenging a support order. *O'Sullivan v. Schebilski*, 138 A.D.3d 1170 (App. Div., 3rd Dept. 2016) (Where a father consented to a court's order finding him in willful violation of a child support order but later argued that his consent was involuntary, a motion to vacate the consent order under CPLR. § 5511 the proper procedural vehicle to challenge the order).

3.    Driver's License and Passport

Plaintiff's allegations that Defendants deprived him of his driver's license and passport could be construed as raising a substantive due process claim. Substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Interport Pilots Agency Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process rights are violated when the government has engaged in conduct so egregious that it "shocks the conscious." *Rochin v. California*, 342 U.S. 165, 172 (1952). Conduct that is merely incorrect or ill-advised does not meet this high standard. *See Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

Courts have repeatedly rejected substantive due process challenges based on the denial or revocation of a passport to an individual who owes child support arrears. *See, e.g., Collins v. Saratoga Cnty. Support Collection Unit*, No. 12-CV-494, 2012 WL 2571288, at *5 (N.D.N.Y. July 3, 2012) (holding that temporary suspension of the plaintiff's driver's license in connection with child support arrears, even if erroneous, did not violate his substantive due process rights), *aff'd*, 528 F. App'x 15 (2d Cir. 2013);[4] *Weinstein v. Albright*, 2000 WL 1154310, at *5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $5,000), *aff'd*, 261 F.3d 127, 142–43 (2d. Cir. 2001). Plaintiff's allegations that Defendants deprived him

---

[4] Second Circuit decisions have also noted that "procedural due process claims arising from the temporary suspension of [a] driver's license . . . are defeated by the availability of adequate pre- and post-deprivation administrative process under statute and regulation, *see, e.g.,* N.Y. Veh. & Traf. Law § 510; N.Y. Comp. Codes R. & Regs., tit. 18, § 347.25, as well Article 78 judicial proceedings under New York law." *Collins*, 528 Fed. App'x at 16.

of his driver's license and passport, without more, thus do not shock the conscience in a manner that raises constitutional concerns.

**D.      Challenging Voluntary Consent to Paternity**

Plaintiff also appears to suggest that his consent to the orders acknowledging his paternity was involuntary. He contends that in 1989, he was "sequestered in a room and told that [he] had to sign several forms pertaining to the birth of [his] son." (Compl. at 4).[5] Under New York law, procedures were available in state court for Plaintiff to raise any argument that his consent to paternity was not knowing and voluntary:

> [A] party seeking to challenge an acknowledgment of paternity more than 60 days after its execution must prove that it was signed by reason of fraud, duress, or material mistake of fact (see Family Ct. Act § 516–a[b][ii] ). If the petitioner meets this burden, the court is required to conduct a further inquiry to determine whether the petitioner should be estopped, in accordance with the child's best interest, from challenging paternity (see Family Ct. Act § 516–a[b][ii]).
> . . .
>
> If the court concludes that estoppel is not warranted, the court is required to order genetic marker tests or DNA tests for the determination of the child's paternity, and to vacate the acknowledgment of paternity in the event that the individual who executed the document is not the child's father (see Family Ct. Act § 516–a[b][ii].

*Derrick H. v. Martha J.*, 922 N.Y.S.2d 83, 84 (App. Div., 2nd Dept 2011) (citations omitted). But "a man who has held himself out to be the father of a child, so that a parent-child relationship developed between the two, may be estopped from denying paternity," in light of the child's justifiable reliance upon such representations, and the resulting harm that the man's denial of paternity would engender. *Id.* at 84.

---

[5] Plaintiff does not state, however, that he is not the father of the children in question.

Federal district courts lack jurisdiction to review or modify state court orders. *See, e.g., D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (lower federal courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings. . . . Review of those decisions may be had only in this Court. 28 U.S.C. § 1257"). Thus, this Court cannot entertain Plaintiff's challenge the Family Court's paternity order.

Plaintiff's allegations also fail to state a claim that he was denied procedural due process in connection with his acknowledgement of paternity. State procedures exist to dispute paternity or the validity of an acknowledgment of paternity, and Plaintiff makes no allegations about the inadequacy of the available state procedures.[6] Plaintiff thus fails to state a on which relief can be granted under 42 U.S.C. § 1983 regarding the paternity proceedings.

Second Circuit precedent is clear that "[a] pro se complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Although it seems likely that any relief available to Plaintiff could come only from the state court, in an abundance of caution, the Court grants Plaintiff leave to replead only those claims that do not seek to modify orders of paternity or child support.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were

---

[6] Moreover, the limitations period for filing a § 1983 claim in New York is three years, *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)), and thus the time for bringing a § 1983 claim appears to have long since expired.

allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of

a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and

the body of the amended complaint.[7]  The naming of John Doe defendants, however, does *not*

toll the three-year statute of limitations period governing this action and Plaintiff shall be

responsible for ascertaining the true identity of any "John Doe" defendants and amending his

complaint to include the identity of any "John Doe" defendants before the statute of limitations

period expires.  In the statement of claim, Plaintiff must provide a short and plain statement of

the relevant facts supporting each claim against each defendant named in the amended

complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the

greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

---

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on
duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

Rule 5.2 of the Federal Rules of Civil Procedure require that any reference to a minor child's name in a court filing must be limited to the child's initials. *See* Fed. R. Civ. P. 5.2(a)(2).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3633 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 3, 2019
       New York, New York

                                    COLLEEN McMAHON
                            Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

    ☐  **Federal Question**

    ☐  **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                     (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial        Last Name

_____
Street Address

_____
County, City                        State              Zip Code

_____        _____
Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City              State          Zip Code

Defendant 2: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City              State          Zip Code

Defendant 3: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City              State          Zip Code

Defendant 4: _____

            First Name                 Last Name

           _____

            Current Job Title (or other identifying information)

           _____

            Current Work Address (or other address where defendant may be served)

           _____

            County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                       Plaintiff's Signature

_____          _____
First Name                 Middle Initial          Last Name

_____
Street Address

_____
County, City                              State                      Zip Code

_____          _____
Telephone Number                                 Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.